Gerald Barrett, SBN: 005855
Taylor Secemski, SBN: 035678
WARD, KEENAN & BARRETT, P.C.
3838 North Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Email: tsecemski@wardkeenanbarrett.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Holly and James Dinan, in their capacities as trustees of the Arizona Sheet Metal Trades Health & Welfare Trust Fund, a trust; Arizona Sheet Metal Trade Pension Trust Fund, a trust; Arizona Sheet Metal Joint Apprenticeship and Training Trust Fund, a trust; Arizona Sheet Metal and Air Conditioning Trades Industry Program, a trust; and International Association of Sheet Metal, Air, Rail, and Transportation Workers' Local 359, a labor organization,<br><br>            Plaintiffs,<br>   v.<br>JMT Mechanical, LLC,<br>              Defendant. | Case No.<br><br>COMPLAINT |

For their complaint against Defendant, Plaintiffs allege as follows:

## COUNT ONE
## ACTION TO ENFORCE COLLECTIVE BARGAINING AGREEMENT

1. Count One is brought to enforce the terms of a collective bargaining agreement. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. Venue is appropriate as the delinquent employee fringe benefit contributions and union dues at issue are received by the Plaintiffs at a depository in Phoenix, Maricopa County, Arizona.

3. Each Plaintiff maintains its principal place of business in Phoenix, Maricopa County, Arizona.

4. Plaintiff International Association of Sheet Metal, Air, Rail, and Transportation Workers' Local 359 (Local 359) is a labor organization within the meaning of the federal labor laws.

5. Plaintiffs Arizona Sheet Metal Trade Health & Welfare Trust Fund (H&W Fund"); Arizona Sheet Metal Trade Pension Trust Fund ("Pension Fund"); Arizona Sheet Metal Joint Apprenticeship And Training Trust Fund ("Apprentice Fund") and Arizona Sheet Metal And Air Conditioning Trades Industry Program ("Industry Promotion Fund") (collectively referred to as "Trust Funds") are each a jointly trusteed multi-employer trust fund created to provide benefits to employees of employers, including Defendant, that are party to a collective bargaining agreement with Local 359.

6. Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

7. Plaintiffs Jeffrey Holly and James Dinan are each duly appointed trustees of the Plaintiff Trust Funds.

COMPLAINT
2

8. Defendant JMT Mechanical, LLC ("Employer") is an Arizona limited liability company engaged in business as a contractor in the building and construction industry.

9. Defendant maintains its principal place of business in Maricopa County, Arizona.

10. Defendant, at all times relevant, was and is party to a collective bargaining agreement with Local 359.

    A. On or about, September 1, 2017, Justine Trevino executed on behalf of Defendant a memorandum agreement binding Defendant to the Local 359 statewide collective bargaining agreement with the Sheet Metal & Air Conditioning National Association, Arizona Chapter ("Industry Agreement"), but only for work to be performed by Defendant on a construction project known as the Turbo Resources Project.

    B. On or about July 1, 2018, Justine Trevino executed on behalf of Defendant a memorandum agreement binding Defendant to the Industry Agreement without any qualification or limitation.

11. Defendant was and remains bound to the Industry Agreement from July 1, 2018 through and including January 15, 2020, the period of time for which collection of delinquent amounts is sought.

12. Article I of the Industry Agreement provides:

> This Agreement covers the rates of pay and condition of employment of all employees of the Employer engaged in but not limited to: (a) manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing and servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all air-veyor systems and air-handling systems regardless of material used including the setting of all equipment and all reinforcements in connection therewith; (b) all lagging over insulation and all duct lining; (c) testing and balancing of all air-handling equipment and duct work; (d) the preparation of all shop and field sketches whether manually drawn or computer assisted used in fabrication

   and erection, including those taken from original architectural and engineering drawings or sketches; (e) metal roofing; and (f) all other work included in the jurisdictional claims of Sheet Metal Workers' International Association.

13. The Industry Agreement incorporates by reference the terms of the various Agreements and Declarations of Trusts establishing each of the various Plaintiff Trust Funds.

14. The Industry Agreement requires Defendant to file a contribution report form on a monthly basis with the administrator for the various Plaintiffs that lists the names of each employee who performed Covered Work, see paragraph 12, during the prior month and the number of hours worked by each employee.

15. The Industry Agreement further requires that Defendant, when filing its contribution report, tender payment of fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours of Covered Work performed by its employees multiplied by the contribution rates for each Trust Fund set forth in the Industry Agreement.

16. The Industry Agreement's obligations described in paragraphs 14 and 15 above do not distinguish between employees who are members of Local 359 and those who are not. Instead, these obligations apply to all individuals performing Covered Work covered by the Industry Agreement. *See Audit Services, Inc. v. Rolfson,* 641 F.2d 757, 761 (9th Cir. 1981); *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450,* 827 F.2d 1324, 1327 (9th Cir. 1987)

17. The Industry Agreement further requires Defendant, during the course of each month, to withhold amounts from its employees' wages based on rates established in the Industry Agreement and remit such amounts to Local 359 for payment of dues and amounts owed to the Plaintiff Equality Fund and the Plaintiff Youth-to-Youth Fund.

18. Defendant last submitted a contribution reporting form in November 2018 when it filed a report for work performed in October 2018.

19. Defendant has not filed a contribution reporting form for work performed in November 2018 through at least January 2020.

20. On March 11, 2019, an email sent on behalf of the Plaintiffs to the owner of Defendant, Justine Trevino, stated, in part: "your company has not yet filed contribution reports for hours worked in December 2018 and January 2019." That same day, Justine Trevino sent an email stating: "There has been no hours therefore no hours to enter. I will go in and reflect such."

21. Plaintiffs retained an auditor to review Defendant's payroll records for the time period of October 1, 2017 through January 15, 2020 to ascertain whether Defendant complied with its reporting and payment obligations as described in paragraphs 13, 14 and 15 above.

22. The auditor's final report reflects for the above described time period, Defendant failed to comply with its reporting and payment obligations and owes the following amounts:

|    |                       | Contributions | Liquidated Damages | Total        |
|----|-----------------------|---------------|--------------------|--------------|
| A. | Health & Welfare Fund | $52,816.15    | $7,991.53          | $60,807.68   |
| B. | Pension Fund          | $32,421.86    | $4,913.00          | $37,334.86   |
| C. | Industry Promotion    | $3,187.18     | $481.28            | $3,668.46    |
| D. | Apprentice Fund       | $7,493.60     | $1,132.93          | $8,626.53    |
| E. | Local 359             | $9,183.26     |                    | $9,183.26    |
|    | Total                 |               |                    | $119,620.79  |

23. The Trust Funds have incurred audit fees in the amount of $7,400.00.

24. Each of the Agreements and Declarations of Trusts for the Plaintiff Trust Funds entitle Plaintiffs to recover their reasonable attorneys' fees. Plaintiffs have incurred attorney's fees, court costs and other costs of collection.

25. Plaintiffs' right to recover attorney's fees and costs includes those incurred in post-judgment collection efforts. *See Free v. Briody*, 793 F.2d 807, 808-809 (7th Cir. Ill. 1986).

26. Absent entry of a permanent injunction requiring Defendant to honor its obligations to timely report hours and pay contributions, Defendant will fail to honor such obligations.

WHEREFORE, Plaintiffs request entry of a money judgment in their favor for the amounts alleged above together with Plaintiffs' attorney's fees and costs in this action; entry of a an order permanently mandating that Defendant honor its reporting and payment obligations; and, all other relief the Court deems just and proper.

## COUNT TWO
## ACTION TO ENFORCE ERISA SECTION 515

27. Plaintiff Trust Funds incorporate the allegations made in Count One except for paragraphs 1, 17, and 22(E).

28. Plaintiffs' second claim arises under, and jurisdiction is conferred in this Court by virtue of, Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132.

29. By the acts and conduct alleged and complained hereinabove, Defendant has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

30. Plaintiffs are entitled to recover the amounts alleged in Count One except for the amounts alleged in paragraph 22(E).

31. Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g) (2) to recover interest, liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiffs request entry of a money judgment in their favor for the amounts alleged above together with Plaintiffs' attorney's fees and costs in this action; entry of an order permanently mandating that Defendant honor its reporting and payment obligations; and, all other relief the Court deems just and proper.

////

////

////

RESPECTFULLY SUBMITTED this 16th day of April, 2020.

**WARD, KEENAN & BARRETT, P.C.**

By: s/ Gerald Barrett
    Gerald Barrett
    Taylor Secemski
    3838 North Central Avenue
    Suite 1720
    Phoenix, AZ 85012
    Attorney for Plaintiffs

**Certificate of Service**
I hereby certify that on the 16th day of April, 2020, I electronically transmitted the foregoing to the Clerk of the U.S. District Court using the CM/ECF System for filing and transmittal.

s/Mary Farley